IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Lorie Khatod, Ph.D., | ) | Civil Action No. __3:26-cv-3379-MGL____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | **(Jury Trial Demanded)** |
| William R. ("Will") Folks, III; and | ) | |
| FITSNews, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Lorie Khatod, Ph.D., by way of her Complaint in the above-captioned action, would allege and show unto this Honorable Court the following:

### I.  Parties, Jurisdiction, and Venue

1.     Plaintiff is a citizen and resident of Washington, D.C.

2.     Upon information and belief, Defendant William R. ("Will") Folks, III (hereinafter "Defendant Folks") is a citizen and resident of Richland County, SC.

3.     Upon information and belief, Defendant FITSNews, LLC (hereinafter "Defendant FITSNews") is a limited-liability company organized and existing pursuant to the laws of the State of South Carolina, with its principal place of business in Richland County, South Carolina.   Upon further information and belief, Defendant FITSNews owns property and  conducts business within Richland County, SC.

4.     Upon information and belief, Defendant Folks is a founding editor and journalist for Defendant FITSNews and is a member-owner of Defendant FITSNews.

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 based on

diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy in this case exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because both Defendants are citizens or residents of Richland County, South Carolina, and the libelous conduct alleged herein was committed, at least in part, within this judicial district and division.

## II.  Facts

7.     Plaintiff has a long and distinguished career as a civil servant within the United States Department of Defense for over 22 years, at various civilian assignments within the United States and Germany.  She received her Ph.D. in Organizational Leadership and Development in 2020 from the University of Oklahoma.

8.     Plaintiff previously served as the chief-of-staff for South Carolina Congressional Representative Nancy Mace of South Carolina's 1st Congressional District, from November 1, 2023 until October 31, 2024.

9.      Plaintiff has been a private figure all of her life.  Even during her one-year tenure as Congresswoman Mace's chief-of-staff, Plaintiff maintained her private persona: she did not make any press appearances on TV or other public media on behalf of Rep. Mace; she did not handle any social media accounts for Rep. Mace; and she did not have any public-facing role in any election-related activity for Rep. Mace.

10.     Defendant FITSNews is a tabloid-style media outlet and political blog, which publishes often salacious stories about politics and current events in South Carolina.  A reporter for The State Newspaper referred to Defendant Folks as "the 'Bad Boy' of South Carolina Journalism" in a September 25, 2017 article about a libel case brought by a former South Carolina state

representative against Defendants FITSNews and Folks. Defendant FITSNews's tag-line on its web-site and social media sites is "Independent. Unapologetic."

11. On or about April 21, 2026, Defendant Folks published a story on FITSNews entitled "Debate Deflect? Nancy Mace Once Again Hit with Affair Allegations," in which the Defendant Folks falsely identified Plaintiff as the female, former congressional staff member with whom Rep. Mace allegedly had an affair. The only sources cited for the allegations were several social media posts on X (formerly Twitter) by disgraced former NY Congressman, George Santos. One of the posts by Mr. Santos stated, in part, "It has begun . . . you hear me @NancyMace[.] I'm going to hold the line until I find out what really happened with you and Lori! I hope it's just a nasty political rumor for your sake's. [sic]"

12. The article then identifies Plaintiff by name as the "Lori" referred to in Mr. Santos's post. The article also includes a link to Plaintiff's biography on the Elara Nova web-site, which lists her as a partner in the consulting firm.

13. On or about April 21, 2026, retired New Hampshire Congressman Frank Guinta, who is Plaintiff's boyfriend, obtained a phone number for Defendant Folks from an individual who knows Defendant Folks. Mr. Guinta called the number and left a message asking Defendant Folks to call him about the article that falsely mentioned Plaintiff in an unfavorable light.

14. On or about April 22, 2026, after not receiving a call back from Defendant Folks, Mr. Guinta called Defendant Folks again and reached him by phone on the second attempt. Mr. Guinta stated that he was calling on behalf of Plaintiff and that the article published in FITSNews on April 21, 2026, which mentioned Plaintiff was completely false. Mr. Guinta stated that Defendant Folks had recklessly published the article including Plaintiff's name and personal information, without

3

attempting to contact Plaintiff for a comment or correction and without obtaining any corroboration for the allegations in the article.  When Mr. Guinta requested that Defendant Folks immediately remove the article from the FITSNews web-site and publish a retraction as to Plaintiff, Defendant Folks rudely hung up the phone on him.

15.    At all times relevant hereto, Defendant Folks was acting within the course and scope of his employment with Defendant FITSNews.

**FOR A FIRST CAUSE OF ACTION**
**(Defamation–Libel)**
**(Against Both Defendants)**

16.    Plaintiff repeats and realleges Paragraphs 1-15 as if restated herein verbatim.

17.    Defendant Folks, through Defendant FITSNews, published information about Plaintiff that was false and that tended to harm her reputation in the community by implying that she had a sexual or romantic relationship with Rep. Mace.

18.    The statements in the April 21, 2023 article that mentions Plaintiff falsely suggested that she was a lesbian and that she had an inappropriate sexual relationship with her direct supervisor, both of which were and are untrue.

19.    The statements in the April 21, 2023 article that mentions Plaintiff was widely circulated among the thousands of subscribers to FITSNews and the general public, both on its web-site and social media feeds.

20.     Almost immediately after the article was posted, numerous friends, professional colleagues, and family members of Plaintiff's began calling and texting her to alert her to the FITSNews article, alarmed by the allegations about Plaintiff in the article, which they reasonably interpreted as implying that Plaintiff was a lesbian and had engaged in an inappropriate in

4

unprofessional relationship with her direct supervisor and a sitting member of Congress.

21.     At the time the April 21, 2026 article that mentions Plaintiff was published, Plaintiff was a private figure.  In fact, Plaintiff has never been a public figure at any time in her professional career.

22.     In any event, even if Plaintiff could be considered to be some type of public figure, Defendants made the above-described libelous statements with actual, constitutional malice and with the intent to injure Plaintiff's reputation, or Defendants made these statements knowing they were false or with reckless disregard as to their truth or falsity.

23.     The sole source for the false allegations cited by Defendants in the article was George Santos, who was expelled from Congress on December 1, 2023 by a vote of 311-114.  This is the same George Santos who pleaded guilty to identity theft and wire fraud in August 2024 and was sentenced to 87 months in federal prison in April 2025.  His sentence was later commuted by President Trump in October 2025.  Mr. Santos has been widely reported as a notorious, Walter Mitty-type character, who, during his congressional campaign in New York, blatantly falsified his education, employment history, and religious background, as well as his mother's employment history and alleged presence in one of the World Trade Center Towers during the September 11 terrorist attacks in 2001.

24.     A journalist's reliance on, or re-posting, anything that Mr. Santos says about anything without substantial corroboration is, in and of itself, reckless disregard for the truth or falsity of such as statement.

25.     Even after Defendant Folks was informed that the statements in the April 21, 2026 article mentioning Plaintiff were false, Defendant Folks refused to publish a retraction or correction

of the article with respect to Plaintiff.

26.     The libelous statements at issue made about Plaintiff constitute libel per se under the common law of South Carolina, because they accuse Plaintiff of committing a crime of moral turpitude and unfitness in her business or profession, and the defamatory meanings of the statements are obvious on the face of such statements.

27.     The libelous statements described herein have directly and proximately caused actual damages to Plaintiff, including embarrassment, humiliation, emotional distress, injury to reputation, and loss of enjoyment of life.  In addition, because the statements at issue are actionable per se, general damages to Plaintiff may be presumed under South Carolina law.

28.     Plaintiff is also entitled to an award of punitive damages against Defendants, in an amount to be determined by the jury, sufficient to deter these Defendants and others from engaging in such wrongful and malicious behavior in the future.

**WHEREFORE**, having fully set forth her causes of action against Defendants, Plaintiff respectfully requests the following relief:

A.     Compensatory damages for economic and non-economic injuries directly and proximately caused by the libelous statements published by Defendants;

B.     An award of general damages, including loss of professional standing and injury to reputation;

C.     Equitable relief, including injunctive relief against Defendants prohibiting them from continuing to publish false, defamatory statements about Plaintiff and requiring Defendants to formally retract the allegations against her made in the April 21 article;

D.     Punitive damages in an amount sufficient to deter these Defendants and others from

engaging in similar tortious conduct;

E.      Attorney's fees, expert fees, and costs in bringing this action; and

F.      Such other relief as this Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Respectfully submitted,


s/ David E. Rothstein
David E. Rothstein, Fed. ID No. 6695
BURNETTE, SHUTT & McDANIEL, P.A.
415 W. Washington Augusta Street
Greenville, South Carolina 29601
Telephone: (803) 904-7928
Fax: (803) 904-7910
E-mail: drothstein@burnetteshutt.law

Attorney for Plaintiff, Lorie Khatod, Ph.D.

August 11, 2026

Greenville, South Carolina.